UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | |
|---|---|
| CHARLES CUTLER | CIVIL ACTION NO. 2:10-cv-336 |
| VS. | SECTION P |
| CITY OF SULPHUR, ET AL. | JUDGE MINALDI |
| | MAGISTRATE KAY |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Charles Cutler, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on February 18, 2010. Doc. 1. Plaintiff is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at Allen Correctional Center (ACC), Kinder, Louisiana. Plaintiff named the City of Sulphur and Officer Trent Hanson as defendants herein.

In his complaint plaintiff alleges that an illegal search was conducted at his residence and that he was falsely arrested. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE.**

*Background*

On January 7, 2008, detectives with the Sulphur Police Department responded to complaints of drug activity at plaintiff's house. *Id.* at p. 20. Upon searching the house, police found a small amount of marijuana. *Id.* The police also took notice of two small children and called the local Office of Children's Service to report the incident. *Id.* Plaintiff was not home

1

when the search occurred. *Id.*

Documents submitted by plaintiff show that a resident of the house gave police consent to search the house and stated that she and plaintiff had smoked marijuana earlier. *Id.* at p. 24. A criminal background check conducted at the time of the search revealed that the plaintiff was currently on parole as a result of past convictions.[1] *Id.* at p. 20. As a result of this incident, plaintiff was charged with possession of marijuana and illegal use of a controlled dangerous substance in the presence of persons under 17 years of age. *Id.*

Plaintiff complains that the supporting affidavit for the arrest warrant contains purposeful misrepresentations, namely that Officer Hanson stated that he heard plaintiff's tenant, Summer Derouen, say that she and plaintiff had smoked marijuana earlier. *Id.* at p. 3. Plaintiff claims that the misrepresentations resulted in his unlawful arrest and subsequent parole violation. *Id.* at p. 5. Plaintiff also claims that he did not commit the acts for which he was arrested. *Id.* Plaintiff states that his drug test following the arrest was negative and that the charges were dismissed. *Id.* at p. 12. Nevertheless, plaintiff was incarcerated. As a result, he states that the defendants' actions caused him loss of liberty and as well as emotional and compensatory damages. *Id.* at p. 13. He seeks damages for lost earnings, and loss of the property he claims to have lost due to his incarceration. *Id.*

### *Law and Analysis*

#### *1. Screening*

Plaintiff has been allowed to proceed *in forma pauperis*. "Federal Courts are required to

---

[1] A check of plaintiff's criminal history conducted at the time of the search showed past charges of aggravated battery, growth of marijuana, attempted second degree murder, contributing to the delinquency of juveniles, and various counts of narcotics violations. *Id.* at p. 20.

screen complaints filed *in forma pauperis* and are authorized to dismiss such complaints without service of process or at any time when the court determines that the complaint is frivolous, fails to state a claim for which relief may be granted, or seeks money damages from a defendant who is immune from suit." *Murray v. Bartley*, No. 10-1011, 2010 WL 4103567, *1 (W.D. La. Aug. 23, 2010).

Title 28 U.S.C. §1915(e)(2), which authorizes plaintiff to proceed *in forma pauperis* provides: "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

A claim is frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998). A claim lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist. *Harper v. Showers*, 174 F.3d 716, 718 (5th Cir. 1999). It lacks an arguable factual basis only if the facts alleged are "clearly baseless," a category encompassing fanciful, fantastic, and delusional allegations. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992); *Neitzke*, 490 U.S. at 327-28.

### *2. Heck v. Humphrey Considerations*

In *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), the United States Supreme Court determined that,

> in order to recover damages for allegedly unconstitutional . . . imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a §1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid

3

>by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of *habeas corpus*, 28 U.S.C. § 2254.

*Id.* A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under §1983. *Heck*, 512 U.S. at 487. The Supreme Court imposed this requirement on §1983 plaintiffs in order to avoid collateral attacks by plaintiffs on convictions against them that are "still outstanding." *Id.* at 486; *see also id.* ("We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to §1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement . . . .").

While plaintiff asserts that the charges were dismissed, he provides no evidence in support of this allegation. In fact, the correction services master record filed by plaintiff [doc. 1, p. 31] indicates that he was convicted on several charges and was sentenced on March 19, 2008. The record does not suggest that his convictions has have been reversed, expunged, or declared invalid. Thus, if the court were to grant him damages under the facts of this case, such ruling would necessarily implicate the validity of the conviction.

Plaintiff has failed to make a showing that his convictions have been reversed, invalidated, or expunged <u>prior</u> to bringing the instant action. *See Hamilton v. Lyons*, 74 F.3d 99, 103 (5th Cir. 1996). Consequently, his claims for damages are "legally frivolous" within the meaning of 28 U.S.C. §1915(e)(2). *Hamilton*, 74 F.3d at 102-103.

Therefore

**IT IS RECOMMENDED** that plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** as frivolous pursuant to the provisions of 28 U.S.C. § 1915(e)(2). Plaintiff may reassert a claim if and when he can meet the *Heck v. Humphrey* conditions. Under the provisions

of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing. **Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed. R. Civ. Proc. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

      THUS DONE this 6th day of April, 2011.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE